10

ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

FILED
2009 DEC 23 PM 1:45
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| ANDREW C. BAILEY<br>Plaintiff<br><br>vs<br><br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE (WELLS FARGO)<br><br>JOHN DOES "2001-3000"<br><br>Defendants | Chapter 11<br><br>Case #: 2:09-bk-06979-PHX-RTBP<br>2:09-ap-1729<br><br>**COMPLAINT FOR DISCOVERY, EVIDENTIARY HEARING, ENFORCEMENT OF QUALIFIED WRITTEN REQUEST AND TEMPORARY RESTRAINING ORDER** |
|---|---|

Plaintiff sues Defendants to compel discovery, to answer the Qualified Written Request (QWR) and Debt Validation Letter (DVL) pursuant to the Real Estate Settlement Procedures Act (RESPA), and to stay any foreclosure or other action until the resolution of this complaint, and states:

## I. Jurisdiction, Venue and Statutory Predicate

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The primary statutory predicate for the relief requested herein is Federal Rule of Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), and Federal Rule of Bankruptcy Procedure 7001(9) to obtain a declaratory judgment relating to the foregoing. Other Rules may apply.

## II. Parties Known and Unknown

3. There may be multiple known and unknown stakeholders with potential claims relating to the subject Property and mortgage "loan". Plaintiff seeks discovery as to exactly who these stakeholders and other parties might be, what their respective rights are under the law, and how much, if anything, he owes each of them.

4. Plaintiff is a resident of the State of Arizona who owns and uses a property located at 2620 North Page Springs Rd, Cornville, AZ 86325 (hereafter the "Property")

5. Defendant WELLS FARGO is and was, at all times material hereto, a corporation doing business in the State of Arizona. Defendant WELLS FARGO is and was, at all times material hereto, the alleged "originator" and "servicer" of the subject loan.

6. Defendants JOHN DOES "2001-3000" are undisclosed, unnamed and unknown investors, participants, corporate or other entities, conduits, middlemen, trustees, servicers, custodians and others in a commonly-applied mortgage securitization scheme that may or may not have included the subject loan and who may or may not be investors or certificateholders in an entity selling a mortgage-backed investment vehicle. or vehicles which may or may not be secured in whole or in part by the subject loan.

**III. Background Material Facts and Grounds for Complaint**

7. On April 8th, 2009 three of Plaintiff's unsecured creditors filed an involuntary petition against the Plaintiff for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

8. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting Plaintiff's motion to convert to Chapter11 thereby commencing the above-captioned case.

9. Plaintiff is operating his businesses and managing his properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. Plaintiff has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

11. The United States Trustee's office conducted the initial creditors' meeting

pursuant to 11 U.S.C. § 341 on September 4, 2009.

12. Plaintiff has initiated forensic reviews of his alleged mortgage-related obligations with the goal of determining who his creditors are, and how much is owed to them.

13. Plaintiff has served, pursuant to the Real Estate Settlement Procedures Act (RESPA), a Qualified Written Request and Debt Validation Letter on the Defendants through their attorneys of record, where known, in a diligent attempt to clarify the above issues.

14. Defendant WELLS FARGO though its counsel has refused in writing to comply with the RESPA request. No response other than the letter of refusal has been received as of the date of the Complaint. A Certificate of Non-Response and a Certificate of Dishonor are being filed with the appropriate authorities.

15. Defendant WELLS FARGO has instituted a foreclosure proceeding to foreclose on a mortgage as to the Property.

16. Plaintiff seeks relevant information that has been denied to him. This information includes but is not limited to answers to questions of whether the subject loan was securitized, sold, assigned or re-conveyed, and whether any credit-default insurance or any TARP or other "bailout" money has changed hands relative to the subject loan.

17. Defendant WELLS FARGO has apparently taken the position that a photocopy of the original unassigned and unendorsed December 23, 2005 note is sufficient foundation for Defendant WELLS FARGO's 2009 foreclosure action.

18. No Assignment, endorsed instrument or enforceable Note has been produced to the Plaintiff, and as such Defendant WELLS FARGO has thus far failed to prove that it is the holder of all rights under the Note, which would permit the legal holder thereof to declare a default which would trigger a foreclosure.

19. Further, Defendant WELLS FARGO as implied "trustee-in-fact" or "attorney-in-fact", if applicable, for unnamed 'Certificateholders' of a series of mortgage-backed securities, has failed to demonstrate that it, and not the Certificateholders, is the party with the true ownership interest in the Mortgage the subject of this action, or that the Certificateholders have acceded or legally assigned their rights to and under the subject Mortgage to Defendant WELLS FARGO, specifically the right to seek a foreclosure.

20. As such, Defendant WELLS FARGO has not demonstrated that it has suffered an actual or threatened injury as a consequence of any default, which distinct and palpable injury is legally required under applicable Federal and State law in order for Defendant WELLS FARGO to satisfy the legal prerequisite to prove that it has a sufficient personal stake in and legal standing to institute the foreclosure on the Property.

21. As a severance of the ownership and possession of the original Note and Mortgage may have occurred and if so the true owner and holder of both the original Note and Mortgage being unknown as a result of one or more alleged assignments and the parsed sale of certain rights under the Note, Defendant WELLS FARGO is legally precluded from foreclosing on the Property unless and until it can demonstrate full legal standing to do so.

22. As set forth above, Defendant WELLS FARGO may be only the alleged "originator" and "servicer" of the Note, having never funded the subject "loan", and as such cannot institute or maintain a foreclosure proceeding.

23. This Complaint is being timely filed in accordance with applicable law to challenge the foreclosure prior to any Trustee Sale or the issuance of any Certificate of Title following sale.

**IV. RELIEF SOUGHT**

Plaintiff reaffirms and realleges paragraphs 1 through 23 hereinabove as if set forth more fully hereinbelow.

24. Plaintiff requests a hearing on the merits, based on the rules of evidence and founded on common discovery and enforcement in obtaining relevant information about his loan.

25. Plaintiff requests discovery pursuant to Bankruptcy Rules 7026 thru 7037 and FRCP 26 thru 37 including but not limited to enforcement of the RESPA Qualified Written Request and Debt Validation Letter to test the merits of Defendant WELLS FARGO's allegation that they have the right to enforce the note.

26. Plaintiff seeks a complete accounting from those individuals, entities or parties involved in the origination, servicing, and securitization (if any) of his loan, so that he can discover what undisclosed fees were paid under TILA and RESPA, and the true identities

of the individuals and entitiies involved in Plaintiff's table-funded loan.

27. Plaintiff seeks the disclosure of the identity(ies) of the true lender(s) who actually funded the subject loan, and the production of documents and names, addresses and phone numbers of people who can testify under oath at the evidentiary hearing.

28. Plaintiff requests the opportunity to admit evidence, including but not limited to the results of a forensic analysis of the subject "loan" and documents on record at the Yavapai County Recorder's office.

29. Plaintiff requests the opportunity to present expert witness Neil F. Garfield, MBA, JD or another expert witness at the evidentiary hearing.

30. Plaintiff requests that the Court give serious consideration to Dr. Garfield's expert opinions and testimony as they may apply to Plaintiff's situation and to the situation of millions of other property owners facing foreclosure.

31. Plaintiff requests a declaratory judgment relating to the foregoing,

32. Finally, Plaintiff requests that the court grant a temporary restraining order enjoining Defendants from taking any further foreclosure or other judicial or non-judicial action before the resolution of the foregoing, thereby maintaining the status quo at least until discovery has been conducted.

WHEREFORE, Plaintiff respectfully requests that the Court order and grant (a) an evidentiary hearing on the merits, and (b) discovery and enforcement in obtaining all relevant information, and (c) enforcement of the disclosure requirements of the Real Estate Settlement Procedures Act, and (d) the production of documents, and (f) the opportunity to bring an expert witness or witnesses before the court, and (g) a declaratory judgment relating to the foregoing, and (f) a temporary restraining order as set forth above, and (e) such other and further relief as may be just and proper.

Dated December 22, 2009

_____
Andrew C. Bailey, Plaintiff

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 09-1729 |
|---|---|
| **PLAINTIFFS** ANDREW C. BAILEY | **DEFENDANTS** WELLS FARGO BANK NA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) None — Pro Se | **ATTORNEYS** (If Known) RONALD HORWITZ JABURG + WILK$, PC, 3200 N. CENTRAL AVE Phoenix AZ 85012 |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Discovery, evidentiary hearing, enforcement of RESPA, temporary restraining order. FRBP 7001(2), 7001(9), 7026-7037, FRCP 26-37, 12 USC 2605(e), 15 USC 1601

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| [1.] 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | ☐ 71-Injunctive relief - reinstatement of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | [2.] 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| | ☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

RECEIVED 2009 DEC 23 PM 1:46 CLERK U.S. BANKRUPTCY DISTRICT OF ARIZONA

**Other Relief Sought**
1. Enforcement of RESPA and TILA
2. Temporary Restraining Order

Case 2:09-ap-01729-RTBP  Doc 1  Filed 12/23/09  Entered 12/23/09 13:52:16  Desc
Pleading    Page 9 of 10

12/24/2009

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ANDREW C. BAILEY ||| BANKRUPTCY CASE NO. 2:09-BK-06979-PHX-RTBP |
| DISTRICT IN WHICH CASE IS PENDING ARIZONA | DIVISIONAL OFFICE PHX || NAME OF JUDGE BAUM |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature: Andrew]* ||||
| DATE 12/22/2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) ANDREW C. BAILEY |||

[Print Form]

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.