Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE (WELLS FARGO); JOHN DOES "2001-3000",<br><br>Defendants. | Chapter 11<br><br>Case No. 2:09-bk-06979-PHX-RTB<br><br>Adversary No. 2:09-ap-1729-RTB<br><br>**MOTION TO DISMISS AMENDED COMPLAINT FOR ENFORCEMENT OF QUALIFIED WRITTEN REQUEST AND TEMPORARY RESTRAINING ORDER** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through by and through undersigned counsel, and pursuant to Bankruptcy Rule 7012 and Rule 12(b)(6), Fed.R.Civ.P, requests that the Court dismiss the Amended Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order ("the Complaint") filed against it with prejudice, because the Complaint fails to state any legal claims against Wells Fargo upon which relief can be granted. Rather, the Complaint appears to be an improper tactic to obtain discovery relating to Wells Fargo's Motion for Relief from the Automatic Stay currently pending before the Court. In fact, the opening sentence of the Complaint states that it was filed to, "compel discovery, to answer the Qualified Written Request pursuant to the Real Estate Settlement Procedures Act 12 U.S.C. §2605 and Debt Validation Letter pursuant to Fair Debt Collections Practices Act 15 U.S.C. §1692, and to stay any foreclosure or other action before and until the resolution of the complaint." Neither the Federal Rules of Civil Procedure nor the Bankruptcy Rules permit the filing of an adversary complaint for such purposes.

The Plaintiff has failed to state sufficiently specific allegations against Wells Fargo as required by Rule 8(a), Fed.R.Civ.P., to put Wells Fargo on notice of any claims against it, including any claims under the Real Estate Settlement Procedures Act or the Fair Debt Collections Practices Act. As a result, the Complaint should be dismissed with prejudice as a matter of law, and the Court should award Wells Fargo the attorneys' fees and costs it has incurred herein. This Motion is supported by the accompanying Memorandum of Facts and Authorities, and by all of the pleadings and matters of record on file with the Court, including those in the Plaintiff's lead bankruptcy case No. 2:09-bk-0679, all of which are incorporated herein by this reference.

RESPECTFULLY SUBMITTED this 5th day of February, 2010.

**JABURG & WILK, P.C.**

Janessa B. Koenig, Esq.
Attorneys for Wells Fargo Bank, N.A.

## MEMORANDUM OF FACTS AND AUTHORITIES

**I.     RELEVANT FACTUAL BACKGROUND**

On or about December 23, 2005, the Debtor / Plaintiff Andrew C. Bailey made, executed and delivered a Fixed Rate Loan Note ("the Note") to Wells Fargo, under which Wells Fargo loaned him the principal amount of $202,500.00. The Note is secured by the real property located at 2620 N. Page Springs Road, Cornville, Arizona 86325 ("the Property"). The Plaintiff's Petition for Relief was filed on April 9, 2009. The Plaintiff has not tendered any post-petition payments to Wells Fargo on the Note, and the Debtor is due for the post-petition payments due on April 20, 2009 through January 20, 2010 in the amount of $1,308.63 each, for a total post-petition delinquency of $13,086.30. As of January 21, 2010, the principal balance due under the Note was $197,614.29, in addition to accrued interest in the amount of $22,913.88, plus interest and fees which continue to accrue. Upon information and belief, and based upon a Broker Price Opinion

2

dated November 4, 2009, the Property has an estimated fair market value of $105,000.00. As a result, Wells Fargo does not believe that the Plaintiff has any equity in the Property.

The Note originated with Wells Fargo. To date Wells Fargo has not assigned either the Note or the Deed of Trust, and Wells Fargo remains the owner and holder of both the Note and Deed of Trust. On or about September 21, 2009, Plaintiff sent Wells Fargo, in care of its counsel, a letter / packet which he called a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C §2605(e) requires that a written acknowledgment of any qualified written request to be sent within 20 business days of receipt thereof. Accordingly, on or about October 9, 2009, Wells Fargo, through counsel, responded to the letter received from the Plaintiff. In its response, Wells Fargo explained to the Plaintiff that his correspondence was not a proper qualified written request under RESPA, because it did not include a statement of the reason(s) he believed his account was in error, or which provided sufficient detail to Wells Fargo regarding a specific servicing issue for which information was sought. *See* 12 U.S.C. §2605(e). See Docket No. 78. Wells Fargo further advised Plaintiff that if he had any response or documentation to validate his request, he should provide written proof of the same by October 21, 2009. The Plaintiff failed to provide anything further to Wells Fargo, and instead filed a Motion to Enforce the Qualified Written Request with the Court. On October 28, 2009, Wells Fargo filed a Response to the Motion to Enforce the Qualified Written Request, and hearings have been set and held regarding the same.

In the mean time, on or about November 6, 2009, Wells Fargo filed a Motion for Relief from the Automatic Stay, regarding the Note secured by the Property. The Debtor opposed the Motion, and a preliminary hearing regarding the stay lift motion was recently held on January 19, 2010. A review of the Court's docket reveals that the Plaintiff has commenced adversary proceedings and has filed identical complaints against all of his creditors who made loans to him secured by real property. All of the complaints, including the Amended Complaint filed in the present case, are titled "Amended Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order." Notwithstanding the title of the Complaint, Plaintiff goes on to

3

allege that the statutory predicate for the relief is Rule 7001(2) "to determine the validity, priority, or extent of a lien or other interest in property," yet the Complaint is void of any allegations challenging the validity, priority or extent of the lien which secures the subject loan. Instead, without any specific or supporting allegations, the Complaint alleges the following about the Property and loan:

1. Plaintiff believes a title defect or cloud on title exists thus rendering title to the property in the Transaction unmarketable; (Complaint at 5);

2. No assignment, endorsement or enforceable Note has been produced to the Plaintiff or the Court, and as such Defendant Wells Fargo has thus far failed to prove that it is the holder of all rights under the Note, which would permit the legal holder thereof to declare a default which would trigger a foreclosure; (Complaint at 5); and

3. Defendant Wells Fargo has not demonstrated that it has suffered an actual or threatened injury as a consequence of any default, which distinct and palpable injury is legally required under applicable Federal and State law in order for Defendant Wells Fargo to satisfy the legal prerequisite to prove it has a sufficient personal stake in and legal standing to institute the foreclosure of the Property (Complaint at 5).

## II. MOTION TO DISMISS STANDARD

Under Rule 8(a)(2), Fed.R.Civ.P., a plaintiff is required to set forth a "short and plain statement" of the claim showing that the plaintiff is entitled to relief **and giving the defendant fair notice of what the claim is and ground upon which it rests**. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Porter v. Jones*, 319 F.3d 483, 494 (Cal. 2003); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise the right of relief above the speculative level"). Rule 8, Fed.R.Civ.P., requires that Plaintiff set forth allegations related to the defendant's conduct, as well as the specific legal right(s) which the alleged conduct violates. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A complaint must provide the defendant with "sufficient notice to begin

4

13016-90667/JEK/JEK/779718_v1
Case 2:09-ap-01729-RTBP    Doc 13    Filed 02/05/10    Entered 02/05/10 15:00:41    Desc
Main Document    Page 4 of 12

preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.* Further, general, conclusory allegations, without supporting factual averments, are <u>insufficient</u> to state a claim for relief. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, **a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated**." *Nasious*, 492 F.3d at 1163 (emphasis added).

Pursuant to the U.S. Supreme Court's decision in *Twombly*, a plaintiff must not merely allege conduct that is conceivable, but must instead allege "**enough facts to state a claim to relief that is plausible on its face**." *Twombly*, 550 U.S. at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868, 2009 WL 1361536 at *12 (May 18, 2009) (*citing Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, **but it asks for more than a sheer possibility that a defendant has acted unlawfully**.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950.

As illustrated herein, the Plaintiff has wholly failed to satisfy his pleading burden with respect to his Complaint. The allegations in the Complaint fail to state any legally cognizable claims for relief, let alone establish that Plaintiff is entitled to relief from Wells Fargo. Rather, Plaintiff admits in the Complaint that its purpose is to obtain discovery regarding the subject loan. The Complaint and this adversary proceeding are a clear attempt to delay the stay lift and foreclosure proceedings, and it was not filed for any proper purpose. Wells Fargo is entitled to

5

13016-90667/JEK/JEK/779718_v1

Case 2:09-ap-01729-RTBP    Doc 13    Filed 02/05/10    Entered 02/05/10 15:00:41    Desc
Main Document    Page 5 of 12

test the legal sufficiency of the Plaintiff's Complaint at this time, and should not be forced to first proceed with pointless, costly and time consuming discovery to find out whether Plaintiff has or can state any claims for relief.

This Court will lack jurisdiction over the Complaint unless the Complaint presents a plausible assertion of a substantial federal right. *See Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773 (1946) ("a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous"); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . or no longer open to discussion"). Should the Court find that Plaintiff has failed to plead any proper claims for relief, the Court will lack jurisdiction over the Complaint which will in turn require the dismissal of this adversary lawsuit in its entirety. In short, dismissal of this case is warranted because (1) the Plaintiff's vague and largely incoherent allegations fail to set forth sufficient facts to raise his right to relief above the speculative level; (2) because Plaintiff has not identified the specific applicable laws and statutory provisions he seeks relief under; and (3) because the Plaintiff has not alleged sufficient facts to state any viable claims for relief against Wells Fargo.

III. **PLAINTIFF HAS FAILED TO STATE ANY CLAIMS AGAINST WELLS FARGO UPON WHICH THIS COURT CAN GRANT RELIEF**

The problem with the Complaint is that it fails to allege any specific violation of any statute, and it fails to state any legally cognizable claim for relief. The opening sentence of the Complaint reveals that it was filed for an improper purpose, specifically to compel discovery. Moreover, all of the issues which appear to be raised by the Complaint are duplicative of the issues currently pending before the Court in connection with Wells Fargo's pending stay lift motion.

6

A.  **Plaintiff Has Failed To State A Claim Under The Real Estate Settlement Procedures Act.**

Although the Complaint makes a vague reference to the Real Estate Settlement Procedures Act ("RESPA"), Plaintiff has failed to state any claim for relief under said statute. In the Complaint, Plaintiff alleges that he served a Qualified Written Request ("QWR") pursuant to RESPA "on Defendant WELLS FARGO" through their attorneys of record." Complaint at 5. RESPA imposes certain duties on loan servicers to take certain actions in response to a valid QWR. In order for a QWR to be valid, it must be: (1) served on the loan servicer; (2) enable the servicer to identify the name and account number of the borrower; and (3) state the reasons the borrower believes the account to be in error, or provide sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower. *See* 12 U.S.C. §2605(e) and §2605(e)(1)(A). RESPA does not impose a duty for a servicer to respond to a QWR when it is served upon the servicer's agent, including its attorney. *See Kee v. Fifth Third Bank*, 2009 WL 735048 at *4, 2:06-cv-00602-CW (D. Utah 2009); *Griffin v. Citifinancial Mortgage Co., Inc.*, 2006 WL 266106, 3:05-cv-1502 (M.D. Penn. 2006). It is undisputed that the QWR was not served upon Wells Fargo in this matter, and for that reason alone it was not valid.

The Complaint further alleges that Wells Fargo, through counsel, "refused in writing to comply" with QWR. As set forth above, and as illustrated by the documents of record at Docket No. 78, counsel for Wells Fargo did timely respond to the QWR.[1] Specifically, in a timely written response sent to Plaintiff, counsel for Wells Fargo explained that Plaintiff's correspondence was not a proper QWR under RESPA, because it did not include a statement of the reason(s) he believed his account was in error, or which provided sufficient detail to Wells Fargo regarding a specific servicing issue for which information was sought. *See* 12 U.S.C. §2605(e). The response further advised Plaintiff that if he had any response or documentation to

---

[1] This Court "may take judicial notice of matters of public record" and consider them without converting a Rule 12 motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) and see, *Intri-Plex Technologies, Inc. v. Crest Group, Inc.* 499 F.3d 1048, 1052 (9th Cir. 2007). See, also, Fed.R.Evid. 201. In addition, the Complaint refers to these documents and so it is proper to consider them, again without converting this Motion into a summary judgment. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (permissible to consider documents referred to in complaint even if the documents are not physically attached to the complaint).

7

validate his request, he should provide written proof of the same by October 21, 2009. Finally, notwithstanding the fact that the Plaintiff's letter was not proper under RESPA, copies of the Note and Deed of Trust were still provided to Plaintiff. The Plaintiff failed to provide anything further to Wells Fargo, including a proper QWR.

Plaintiff has wholly failed to state a claim against Wells Fargo for violation of RESPA. The Complaint is deficient of specific facts to state such a claim, along with any specific statutory provision of RESPA allegedly violated. The letter Plaintiff sent, on its face, was not a valid QWR, and as such, no claim for relief can be predicated upon it. Further, the letter was not sent to or served upon Wells Fargo, and a proper response was timely made, regardless of the invalidity of the QWR. In the Complaint the Plaintiff asks the Court to "force" Wells Fargo to respond to the invalid QWR, yet there is no provision under RESPA to provide such relief. *See* 12 U.S.C. §2605(f). As a result of the foregoing, Plaintiff's purported claim under RESPA fails as a matter of law.

### B. Plaintiff Has Failed To State A Claim Under The Fair Debt Collections Practices Act.

Like RESPA, the Complaint also makes a vague reference to the Fair Debt Collections Practices Act ("FDCPA"), yet the Complaint is again void of a single factual allegation to state a claim under any specific provision of the FDCPA. To be held liable for violation of the FDCPA, a defendant must, as a threshold requirement, fall within the FDCPA's definition of a "debt collector." *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998). A "debt collector" under the FDCPA is either (1) "a person" the "principal purpose" of whose business is the collection of debts (whether on behalf of himself or others); or (2) "a person" who "regularly" collects debts on behalf of others (whether or not it is the principal purpose of his business). 15 U.S.C. § 1692a(6). Thus, "to state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" *Ines v. Countrywide Home Loans*, No. 08cv1267 WQH (NLS), 2008 WL 4791863, *2 (S.D.Cal. Nov. 3, 2008).

13016-90667/JEK/JEK/779718_v1

Wells Fargo is not a debt collector as defined or covered by the FDCPA. The principal purpose of Wells Fargo's business is not to collect debts, and Wells Fargo does not regularly collect debts on behalf of others. The Complaint does not allege any fact to suggest that Wells Fargo is a debt collector covered by the FDCPA, nor has Plaintiff made any specific allegations suggesting how Wells Fargo purportedly violated the FDCPA. Thus, any purported claim against Wells Fargo under the FDCPA fails as a matter of law.

Additionally, aside from alleging that he sent a "debt validation letter" to Wells Fargo, which was the same thing as his QWR, the Complaint makes no other reference to the FDCPA. 15 U.S.C. §1692g of FDCPA references a debtor's ability to request validation of a debt after receiving a written notice from a debt collector notifying him of his right to dispute the debt, which in turn requires the debt collector to obtain and provide verification of the debt. As the only recent notices Wells Fargo sent Plaintiff prior to his bankruptcy filing related to the Trustee's Sale being conducted on the Property, Wells Fargo can only assume from the vague Complaint that the Plaintiff's purported claim stems from such communications. However, federal law is clear that non-judicial foreclosure proceedings do <u>not</u> constitute the collection of a debt as defined by the FDCPA, and thus such acts cannot form the basis for any alleged violation of the FDCPA. *See Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009); *see also Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002) (foreclosing on property under a deed of trust does not constitute collection of a debt covered by the FDCPA). Thus, because the Complaint does not allege that Wells Fargo was "collecting a debt" within the meaning of the FDCPA, Plaintiff's purported claims under the FDCPA fail as a matter of law for this reason as well.

### C. Wells Fargo Has Standing To Enforce The Note And Deed of Trust, And The Complaint Fails To State Any Claims To The Contrary.

The majority of the allegations in the Complaint appear to question whether Wells Fargo is the current owner and holder of the Note, and they incorrectly suggests that Wells Fargo must produce the original Note in order to exercise its rights of foreclosure under Arizona state law. Preliminarily, none of the Plaintiff's allegations state a claim for relief under state or federal law,

9

nor do they constitute grounds for a proper adversary complaint in this Court. Rather, at best, the allegations raise issues that should be, and which currently are being addressed in connection with Wells Fargo's pending Motion for Relief From the Automatic Stay.

As set forth above, and as evidenced by the Declaration and documents submitted to the Court in connection with Wells Fargo's pending stay lift motion, Wells Fargo currently is, and always has been, the owner and holder of the Note and Deed of Trust. The Note originated with Wells Fargo, and to date Wells Fargo has not assigned either the Note or the Deed of Trust. The Complaint alleges no facts to suggest the contrary. It appears that the whole purpose of the Complaint is to attempt to conduct needless and expensive discovery to force Wells Fargo to prove a negative, specifically, that it has not transferred or assigned the Note. This truly is not a proper use of judicial resources.

The allegations in the Complaint concerning the need for Wells Fargo to produce the original Note to commence foreclosure are equally without merit, and likewise fail to state any claim for relief. Regardless, this issue is well settled under Arizona law. The District Court of Arizona has repeatedly rejected the "show me the note" argument for non-judicial foreclosure proceedings. *See e.g. Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009) (reasoning that the UCC statute pertaining to negotiable instrument provides that "persons entitled to enforce an instrument [include] . . . a person not in possession of the instrument who is entitled to enforce the instrument pursuant to A.R.S. §47-3301"); *Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184 (D. Ariz. 2009) (dismissing claim because "action involve[d] the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings"); A.R.S. §33-807. Accordingly, all of the Plaintiff's rambling allegations and theories about the Note wholly fail to state any legally cognizable claims against Wells Fargo upon which this Court can grant relief.

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

13016-90667/JEK/JEK/779718_v1
Case 2:09-ap-01729-RTBP    Doc 13    Filed 02/05/10    Entered 02/05/10 15:00:41    Desc
Main Document    Page 10 of 12

### D. Plaintiff Is Not Entitled To Injunctive Relief.

Finally, without any attempt to comply with the requirements of Rule 65, Fed.R.Civ.P., and Rule 7065, Fed.R.Bankr.P., Plaintiff, casually and in passing requests a temporary restraining order against Wells Fargo. As the Court is well aware, specific matters need to be pled in an application for a temporary restraining order. The Complaint is void of a single allegation to support the Plaintiff's request for a restraining order. Further, as with the other issues alleged in the Complaint, the request for a restraining order is duplicative of the matters currently before the Court in connection with Wells Fargo's stay lift motion. Plaintiff is obviously attempting to have two bites at the apple, regardless of the outcome of the stay lift motion. At a minimum, the Court should defer ruling on any requested injunction in this adversary proceeding pending the outcome of Wells Fargo's stay lift motion. However, based upon the current state of the pleadings, and Plaintiff's complete disregard of the requirements of Rule 65, the Plaintiff's request for an injunction should be denied on its face.

## IV. CONCLUSION

The Complaint is filled with non-specific conclusory allegations and vague references to federal and state laws, none of which are legally sufficient to state any claims against Wells Fargo. As the face of the Complaint confirms that it was filed for an improper purpose, and because Plaintiff has failed to state any proper legal claims against Wells Fargo upon which this Court can grant relief, Wells Fargo respectfully requests that the Court dismiss the Complaint in its entirety against Wells Fargo with prejudice as a matter of law. Wells Fargo further requests that it be awarded the attorneys' fees incurred in the defense of this matter.

RESPECTFULLY SUBMITTED this _____ day of February, 2010.

JABURG & WILK, P.C.

Ronald M. Horwitz
Janessa E. Koenig
Attorneys for Defendant

11

13016-90667/JEK/JEK/779718_v1
Case 2:09-ap-01729-RTBP    Doc 13    Filed 02/05/10    Entered 02/05/10 15:00:41    Desc
Main Document    Page 11 of 12

| | |
|---|---|
| 1 | **ORIGINAL** of the foregoing filed via<br>ECF this 5th day of February, 2010 |
| 2 | |
| 3 | **COPY** of the foregoing mailed<br>this 5th day of February, 2010 to: |
| 4 | Andrew C. Bailey<br>2500 N. Page Springs Rd |
| 5 | Cornville, Arizona 86325 |
| 6 | */s/ Kathryn W. MacLean* |
| 7 | |

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000