Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE (WELLS FARGO); JOHN DOES "2001-3000",<br><br>Defendants. | Chapter 11<br><br>Case No. 2:09-bk-06979-PHX-RTB<br><br>Adversary No. 2:09-ap-1729-RTB<br><br>**MOTION TO STAY DISCOVERY UNTIL AFTER ANSWER IS FILED** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by and through undersigned counsel, requests that the Court stay both the issuance of and response to written discovery in this adversary proceeding, until after the Court has ruled upon Wells Fargo's Motion to Dismiss, and after Wells Fargo has filed an Answer to the Complaint, if the Motion to Dismiss is denied.

Plaintiff originally filed his Complaint for Enforcement of Qualified Written Request and Temporary Restraining Order ("the Complaint") on December 23, 2009. On January 11, 2010, before the deadline for Wells Fargo to respond to the Complaint, Plaintiff sent his First Set of Interrogatories and First Request for Production of Documents to Wells Fargo. Shortly thereafter, on January 19, 2010, Plaintiff filed an Amended Complaint, and on January 22, 2010 Plaintiff re-sent his written discovery requests to Wells Fargo.

On February 5, 2010 Wells Fargo filed a Motion to Dismiss the Amended Complaint, which Motion may dispose of this adversary proceeding in its entirety. The Plaintiff's issuance of written discovery to Wells Fargo, before any responsive pleading was filed, is premature, procedurally improper, and frankly, unnecessary. If discovery is not stayed and this matter is resolved by a Motion to Dismiss, Wells Fargo will incur unnecessary time and expense responding to burdensome written discovery propounded by the Plaintiff. On the other hand, if Wells Fargo's Motion to Dismiss is denied, an Answer will be promptly filed, and the parties can participate in discovery in accordance with the Federal Rules of Civil Procedure and the Bankruptcy Rules in due course. There is simply no need for any expedited discovery in this case, particularly at this early stage in the proceedings. Moreover, as the relevant documents and information has already been produced to Plaintiff in connection with Wells Fargo's pending Motion for Relief from the Automatic Stay, the Plaintiff's written discovery requests truly are moot and unnecessary.

Wells Fargo is requesting that discovery be temporarily stayed until after the Court has ruled upon Wells Fargo's Motion to Dismiss, and an Answer to the Amended Complaint, if necessary, is filed. A temporary stay of discovery will also benefit the Plaintiff, because in the event Wells Fargo's Motion to Dismiss is granted, Wells Fargo will seek an award of attorneys' fees and costs. Accordingly, the more attorneys' fees Wells Fargo incurs at this time, the more fees could potentially be awarded against the Plaintiff. The Plaintiff will not be prejudiced by briefly delaying discovery in this matter. As stated, should Wells Fargo's Motion to Dismiss be denied, the parties can engage in discovery at that time, and Wells Fargo will respond to the Plaintiff's Non-Uniform Interrogatories and Request for Production of Documents pursuant to Rules 33 and 34, Fed.R.Civ.P., within the time proscribed by said Rules. Holding off on engaging in discovery and potential discovery disputes for a short time will not prejudice either party, but will save the parties and the Court time, expenses and resources which will not have to be incurred should Wells Fargo's dispositive motion be granted.

13016-90667/JEK/JEK/782255_v1

Therefore, based upon the foregoing, Wells Fargo respectfully request that the Court issue an Order which stays the parties from issuing or responding to any pending or new discovery requests until after the Court has ruled upon Wells Fargo's Motion to Dismiss, and after Wells Fargo has filed an Answer to the Amended Complaint, in the form lodged herewith.

RESPECTFULLY SUBMITTED this \_\_\_5\_\_\_ day of February, 2010.

**JABURG & WILK, P.C.**

Ronald M. Horwitz
Janessa E. Koenig
Attorneys for Defendant

**ORIGINAL** of the foregoing filed
Via ECF this 5th day of February, 2010

**COPY** of the foregoing mailed
this \_5th\_ day of February, 2010 to:

Andrew C. Bailey
2500 N. Page Springs Road
Cornville, AZ 86325
Plaintiff

3

13016-90667/JEK/JEK/782255_v1