ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-represented Litigant*

FILED
2010 FEB 16 AM 9:22
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>**ANDREW C. BAILEY**<br>Plaintiff/Respondent<br><br>Vs<br><br>**WELLS FARGO BANK NA**<br>Defendants/Movants | Chapter 11<br>**Case # 2:09-bk-06979-PHX-RTBP**<br>Adversary case # 2:09-ap-01729-RTBP<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Subject property:<br>2620 N. Page Springs Rd,<br>Cornville, AZ 86325 |

Plaintiff opposes and rebuts Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Enforcement of the TILA/RESPA Qualified Written Request (QWR) and Temporary Restraining Order (the Motion). The primary statutory predicate for the relief requested in the Complaint is Federal Rule of Bankruptcy Procedure 7001(2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), and Federal Rule of Bankruptcy Procedure 7001(9) to obtain a declaratory judgment relating to the foregoing. Plaintiff has a statutory right to information which is being withheld. Defendant's Motion fails to address this basic fact and instead appears to embark on repetitive diversionary tactics to avoid discovery. Plaintiff asks that this Court deny the Motion with prejudice.

02/16/2010

Plaintiff reiterates and re-affirms his request that this Court allow discovery and enforce the QWR or other forms of discovery and that this Court impose a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) and Fed. R. Bankr. P. Rule 7065, as and if necessary, enjoining Defendants from taking any action against him or his property until a declaratory judgment in the matter has been issued by this Court.

In support of this opposition and rebuttal, Plaintiff references and incorporates hereby the entire record in the adversary matter and the entire record in BK Case # 2:09-bk-06979-RTBP, this Memorandum, and EXHIBITS "A" thru "C", and declares and states as follows:

**Introduction**

It would be pointless and time-consuming to address and rebut each and every one of the many and repetitive points made by Defendant. Plaintiff is a Pro Se litigant doing the best he can to establish the basic facts surrounding his loan. He will try to keep his response succinct by making the following points in the order in which they occur in Defendant's Motion to Dismiss:

1) **An Improper Tactic**

Plaintiff was specifically told by Defendant's attorney Ronald Horwitz (October 9, 2009 letter. Exhibit A) that his QWR was "...an improper attempt to gather documentation and information normally obtained through formal discovery in litigation, which is governed by applicable Rules of Civil Procedure." Now that Plaintiff, at great effort and considerable expense, has gone to "formal discovery in litigation" by filing the adversary, Defendant is now saying: "...the Complaint appears to be an improper tactic to obtain discovery relating to Wells Fargo's Motion for Relief from the Automatic Stay currently pending before the

-2-

Court." Plaintiff finds this reversal confusing. In any event, Judge Baum has issued clear instructions that discovery is to be conducted in the adversary proceeding, not in the lift stay proceeding. "The discovery motions should be filed in the adversary proceedings" (see January 15, 2010 minute entry Exhibit B)

2) **Equity in the Property**

Defendant claims Plaintiff has no equity in the Property. Plaintiff is unaware of any appraisal that meets national standards which supports this allegation. Plaintiff believes the Property was appraised by Defendant at over $300,000 at the time of purchase, but was never sent a copy any such appraisal. Defendant now states that "based upon a Broker Price Opinion dated November 4, 2009, the Property has an estimated fair market value of $105,000." This Property was an investment in which Plaintiff made a 25% down payment in the amount of $67,500 plus closing costs and fees on a purchase price of $270,000. The Property according to Defendant has somehow "lost" two thirds of its value. Was the original appraisal artificially inflated or is the November 4, 2009 BPO artificially deflated? What happened to Plaintiff's investment? Are there any certified documents to support Defendant's allegation? If the value is now one-third of its original purchase price, through no fault of Plaintiff's, should this not be a basis for re-negotiating the loan?

3) **No Allegation of Wrongdoing**

Plaintiff's makes no allegation of wrongdoing on Defendant's part. The Complaint is intended simply as a request to the Court to allow and enforce discovery in the matter at bar. The basic issue is that Plaintiff needs information concerning his loan and that information is being withheld. Each time he requests the information, Defendant tells him his request is improper. The matter could have been laid to rest months ago, if Defendant

- 3 -

would provide the requested information. Presumably, Defendant had the information in hand before initiating the foreclosure action. How could complying with the request be expensive and time-consuming as Defendant repeatedly asserts?

**4) The Loan was not Sold or Securitized**

Defendant asserts that the Note and Deed were never sold or securitized. Fine. Let them swear to it. Plaintiff is told by experts that over 90% of mortgage loans originated between 2001 and 2009 were securitized, so there is a high statistical probability that this loan was securitized. Plaintiff is also told by experts that a large number of these sales and assignments were never properly recorded. Plaintiff has three other loans, two of them with Wells Fargo. It is not disputed that each of those three loans was securitized, resulting in ongoing confusion as to the identity of the creditor. It has taken many months for Wells Fargo to concede that it is not the beneficiary as it affirmatively claimed in those cases. Perhaps a sworn declaration and documentation from a person with first-hand personal knowledge of Plaintiff's loan that Wells Fargo is the current holder of the note and current beneficiary would lay the matter to rest. Plaintiff notes that Wells Fargo did provide a declaration from an alleged Wells Fargo "bankruptcy specialist", but that person did not or could not assert that she had any first-hand personal knowledge. A review of the loan documents does not constitute first-hand personal knowledge.

**5) Presumption of Default**

A notice alleging default has been recorded. No documentation has been provided proving that Plaintiff's account is in default. A full accounting has been requested, including any and all third-party payments. Plaintiff does not concede that his account is in default. He has no way to know. Identification of his creditor and a full accounting is all Plaintiff is

seeking in his Complaint. This should not be burdensome under the circumstances, and in any case is required under the applicable statutes.

## 6) A Clear Attempt to Delay the Stay Lift

Defendant states: "The Complaint and this adversary proceeding are a clear attempt to delay the stay lift and foreclosure proceedings, and it was not filed for any proper purpose." This statement is mere opinion and appears to be aimed at prejudicing the Court in Defendant's favor and against Plaintiff. Defendant has delayed the matter for months, and continues to stonewall. Who is delaying the proceedings?

## 7) Pointless, Costly and Time-Consuming Discovery

Defendant repeats its lament for the third time. They should have had the requested information before commencing foreclosure. How is it costly or time-consuming? Plaintiff does not agree that discovery is pointless, and it should be neither costly nor time-consuming, as set forth above. Again, this is mere opinion and again appears to be aimed at prejudicing the Court in Defendant's favor and against Plaintiff.

## 8) Improper Service of the QWR

Mr. Horwitz's October 9, 2009 letter (Exhibit A) acknowledging receipt of the QWR makes no mention of improper or defective service. The QWR was accompanied by a cover letter to Mr. Horwitz (Exhibit C) clearly asking him to get it into the right hands. If he had said at that time that service via the attorney for the servicer was improper, Plaintiff would have immediately corrected the error. As attorney for the servicer, Mr. Horwitz timely responded, acknowledging receipt on behalf of his client, but refused to cooperate with the discovery request, and failed to say anything about defective service. This has subsequently

caused Plaintiff a great deal of wasted time, stress, money and effort and significantly delayed the proceedings. Mr. Horwitz refused to cooperate, told Plaintiff go to the adversary, and now reverses himself, then blames Plaintiff for the delay. Is the next step for Plaintiff to properly serve the QWR on Defendant? If so, what is the address to send it to? Why could Mr. Horwitz not have done this himself months ago, as requested in the September 21, 2009 cover letter? The QWR was not served ON the attorney for Defendant. It was served VIA the attorney. There is a world of difference.

**9) Needless and Expensive Discovery**

Defendant complains no less than four times that "It appears that the whole purpose of the Complaint is to attempt to conduct needless and expensive discovery..." Defendant's laments are themselves duplicative, repetitive and needless. Defendant's dilatory stonewalling has put Plaintiff through needless stress, expense and effort. Defendant should have had the requested information at hand. If it did not, that is not Plaintiff's fault. And if it did not, that might be an indication that discovery might reveal something that Defendant would prefer to hide.

**10) What is Plaintiff Seeking?**

To re-iterate, in the simplest of terms, Plaintiff is seeking: 1) discovery validating the identity of his creditor(s), 2) an accounting of all payments and debits related to his loan, and 3) an evidentiary hearing if necessary.

**11) The Complaint is Speculative**

In the age of securitization, credit default swaps and federal bailouts, the foregoing is not as straightforward as it sounds. An estimated 90-95% of loans such as Plaintiff's were

securitized. An inconceivably huge amount of money was made in the process by the banks and their partners on Wall Street. A "loan originator" or "loan servicer" is rarely if ever the creditor, the investor, or the person who actually puts up the money to fund the loan. The creditor or investor is rarely if ever identified on the loan documents. According to Plaintiff's experts, Defendant in this case is probably not the creditor, under any accepted definition of that term. The obligation created by the note is frequently paid in whole or in part by third parties. Neither the borrower nor the investor receives any accounting of these payments, the existence of which is far from speculative. It is a major subject of Judge James M. Peck's January, 2010 ruling in the Lehman Brothers bankruptcy case, which concerns many Wells Fargo transactions, possibly including this one.

Far from being speculative, Plaintiff's factual allegations are the best he and his analysts can do in view of the stonewalling by the Defendants. As Plaintiff stated in court he quite agrees that upon Defendants' compliance with discovery this case is over. Either they are the creditor or they have authority to represent the creditor or they are not the creditor and they do not have the authority to represent the creditor.

Either the accounting will show there is a balance due to the Defendants, or it will show that there is not a balance due to the Defendants. It might show there is a balance due to Plaintiff or to the investor or both. We won't know until we see a full accounting of the money and we see the documents by which the Defendants took the money.

The above has to be interpreted in the light of Judge Peck's ruling regarding the prioritization of those very payments. The fact that Judge Peck has ruled on the prioritization of these payments and has recited in his ruling that they exist is all Plaintiff needs to assert that his allegations are far from speculative.

-7-

**12) Genuine Issues Of Fact**

Plaintiff has raised genuine issues of fact. It is Plaintiff's right under Federal and State law to have access to fundamental information about his account. Only when a full accounting has been provided, including any and all third-party payments, will Plaintiff and his expert analysts know who his creditor is and how much he owes them. Only then can Plaintiff's Chapter 11 case move forward.

The problem from Plaintiff's point of view is that Defendant steadfastly refuses to cooperate in discovery. Defendant refused to answer the QWR and DVL, objected to Plaintiff's attempts to get the requested information, told him to go to formal discovery, and gave him no alternative but to file the adversary complaint in the hope that the Court would enforce such discovery. Now that Plaintiff has asked for formal discovery, Defendant is objecting to that. Defendant is now saying: go back to the administrative proceeding. However, the Court has made it clear that discovery is to be conducted in the adversary proceeding. ( Exhibit B; minute entry January 15, 2010)

**Wells Fargo Is In Default Under The Statutes**

Finally, Wells Fargo's refusal to respond and failure to timely rebut any of the clauses in the QWR means that Wells Fargo is in default under the statutes and is subject to all of the consequences, penalties and default provisions contained in the said QWR without exception or recourse.

**Wells Fargo is Not a Debt Collector under the FDCPA**

Defendant further affirmatively states (Pg 8, 24) "to state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt'." *Ines vs Countrywide Home Loans.* The last line of Mr. Horwitz's October 9, 2009 letter

-8-

(Exhibit A) reads as follows, in bold capitals: " THIS COMMUNICATION IS FROM A DEBT COLLECTOR". Plaintiff affirmatively alleges that Wells Fargo is beyond doubt a debt collector, by their own bold admission.

**CONCLUSION**

Plaintiff has quite possibly made procedural and other errors in his pleadings. He is a Pro Se litigant under extreme duress. For any and all such errors, Plaintiff apologizes to all concerned and seeks the leniency of the Court. He wants the truth about his loan, and asks the Court to allow that truth to emerge. If indeed the subject loan was never sold or securitized, if the Defendant did not violate any statutes, and if no third-party payments were ever made on his obligation, Plaintiff will gracefully step down and simply seek a modification of the loan based on Defendant's new appraisal. However, he fails to see how this can be achieved in the absence of the discovery sought and the relief requested.

**WHEREFORE** Plaintiff respectfully requests that this Court deny the Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Enforcement of the TILA/RESPA Qualified Written Request (QWR). Plaintiff further respectfully re-affirms his request that this Court enforce the QWR and other forms of discovery and that this Court impose a Temporary Restraining Order enjoining Defendants from taking any action against him or his property until a declaratory judgment in the matter has been issued by this Court, as and if needed.

Respectfully submitted this 13th day of February, 2010.

*[signature]*

**Andrew C. Bailey,** *Plaintiff*

-9-

02/16/2010

**Certificate of Notice**

Copy of the foregoing was
mailed on February 16, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Ronald Horwitz, Esq
Janessa Koenig, Esq
Jaberg & Wilk, PC
3200 N. Central Avenue, suite 2000
Phoenix AZ 85012

02/16/2010



3200 N. CENTRAL AVENUE, 20TH FLOOR, PHOENIX, AZ 85012

jaburgwilk.com

**Ronald M. Horwitz**

rmh@jaburgwilk.com
602.248.1071 - Direct Phone
602.248.0522 - Main Fax

October 9, 2009

Andrew C. Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Gary J. Jaburg
Lawrence E. Wilk
Roger L. Cohen
Mitchell Reichman
Beth S. Cohn
Kraig J. Marton
Scott J. Richardson
Ronald M. Horwitz
Kathi M. Sandweiss
Mervyn T. Braude
Lauren L. Garner
Maria Crimi Speth
Michelle C. Lombino
Neal H. Bookspan
Janessa E. Koenig
Mark D. Bogard
Jonathan Ibsen
David N. Farren
Valerie L. Marciano
David L. Allen
Scott T. Ashby
Laurence B. Hirsch
Kelly Brown
Adam S. Kunz
Laura A. Rogal
Sharon R. Sprague
Victoria Zukerman Warren
Barbara C. Klabacha
Amy M. Horwitz*

*Only admitted in California

Of Counsel
David S. Gingras

Re: *Wells Fargo Bank, N.A.*
    *Account #650-650-0097105-0001*

Dear Mr. Bailey:

This firm represents Wells Fargo Bank, N.A. ("Wells Fargo") with respect to the above referenced matter. We are in receipt of your letter dated September 21, 2009, and this letter serves as the 20 day acknowledgment to the purported Qualified Written Request. However, while your letter states that it is a Qualified Written Request pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605(e), your letter fails to comply with the requirements of RESPA to be a proper Qualified Written Request.

In order to be considered a proper qualified written request under 12 U.S.C. §2605(e), the letter must meet two prongs. The first prong requires that a qualified written request be a written correspondence that includes or otherwise enables the servicer to identify the name and account of the borrower. The second prong requires either a statement of the reasons that the borrower believes the account is in error, or which provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower.

While you have sufficiently identified your name and loan number, you have failed to comply with the second requirement, and have not provided sufficient details of how you believe your account is in error. You simply make blanket statements that banks are involved in predatory lending, but have failed to allege a specific error in your own account. Further, your questions do not relate to a specific servicing issue. Rather, the majority of your inquiries focus on the origination of the above-referenced loan. Your questions also appear to be an improper attempt to gather documentation and information normally obtained through formal discovery in litigation, which is governed by applicable Rules of Civil Procedure. Neither a qualified written request, nor a purported or improper written request, are substitutes for litigation discovery.

Exhibit A

49147-91991/AXH/AXH/756397_v1

02/16/2010

As your letter does not comply with the statutory requirements to be a valid qualified written request, we will not treat your letter as a qualified written request, and will not be responding as requested therein. Instead, we will consider this matter closed. If you contend otherwise, please provide your written proof and authority to the contrary by October 21, 2009. In addition, Wells Fargo does not agree with any of the groundless provisions listed in the section of your letter entitled "Default Provisions under the Qualified Written Request." However, as a courtesy, we have enclosed herewith copies of the subject Fixed Rate Loan Note and Deed of Trust relative to the above referenced loan.

Sincerely,

**JABURG & WILK, P.C.**

Ronald M. Horwitz

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

| | |
|---|---|
| Bankruptcy Judge: | Hon. Redfield T. Baum |
| Case Name: | Andrew C. Bailey, Chapter 11 |
| Case No.: | 2:09-bk-06979-RTBP |
| Subject of Matter: | Pending Motions To Continue Lift Stay Hearings; Discovery Motions |
| Date Matter Ruled Upon: | January 15, 2010 |

Pending before the court are motions to continue lift stay hearings [Docket #'s 111, 112, 113, 114 and 124] and discovery motions [Docket #'s 115, 116, 118, 120, 122, 123, 125, and 126] filed by the debtor on January 12, 2010.[1] As explained below the motions are denied.

Three of the motions to continue [Docket #'s 112, 113, and 114] concern debtor's motions to reconsider two Orders granting stay relief to Wells Fargo, dated October 2, 2009 [Docket #'s 66 and 67]. The remaining motion to continue [Docket # 111] relates to a preliminary hearing currently set on a motion for relief from stay. The motions to continue essentially request that the court vacate those hearings pending the issuance of a judgment in each of four pending adversary complaints recently filed by the debtor on December 23, 2009 [Adversary #'s 09-1727, 09-1728, 09-1729 and 09-1731]. The motions each claim that the movants are not the holders of the note and deed of trust and that they are not providing documentation to the debtor.

---

[1] Docket #'s 115, 122 and 124 relate to a stay lift motion [Docket #82] in which an Order of Recusal has been entered [Docket #87], thus the court makes no ruling on those motions.

Exhibit B

02/16/2010

Motions for stay relief are summary proceedings in which the court considers three issues, lack of adequate protection, equity in the property and whether the property is necessary for an effective reorganization. See In re Computer Communications, Inc., 824 F2d 725, 729 (9th Cir. 1987). Here, the motions to continue the preliminary hearings, if granted, would prevent the movants from having their motions for relief timely resolved—pending the outcome of four adversaries in which answers have not been filed. Therefore debtor's motions to continue preliminary hearings are denied.

As to the motions to continue the hearing on reconsideration of the court's October 2nd Orders, the court has reviewed the motions for relief from stay and exhibits filed by Wells Fargo [Docket #'s 7 and 22] and based thereon concludes that Wells Fargo holds the note and deed of trust for both properties. Although the debtor did not obtain a stay of those Orders and is seeking to continue the hearings on his request for reconsideration, the motions to continue do not contain sufficient cause and the court has now partially ruled on the merits of the motions to reconsider—therefore the motions to continue the reconsideration hearings are denied.

The discovery motions should be filed in the adversary proceedings, and the court makes no determination to those motions/requests other than to deny them as filed in the administrative case.

Copy mailed and/or e-mailed 1/15/10 to:

Andrew C. Bailey
2500 N. Page Springs Road
Cornville, Arizona 86325

Constance B. Marlow
2500 N. Page Springs Road
Cornville, Arizona 86325

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Ronald M. Horwitz
Jaburg & Wilk, PC
3200 North Central Avenue,
Phoenix, AZ 85012

September 21, 2009.

### Re: Wells Fargo Bank NA Account # 650-650-0097105-0001

Dear Mr. Horwitz,

Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client Wells Fargo Bank NA. The referenced property is: Vacant Land 407-27-005K.

As you may know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan.

Due process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

*[signature]*

Andrew C Bailey

Exhibit C

02/16/2010