Ronald M. Horwitz (005655)
Janessa E. Koenig (018618)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
rmh@jaburgwilk.com
jek@jaburgwilk.com
(602) 248-1000

Attorneys for Defendant

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW C. BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK NA a/k/a WELLS FARGO HOME MORTGAGE (WELLS FARGO); JOHN DOES "2001-3000",<br><br>Defendants. | Chapter 11<br><br>Case No. 2:09-bk-06979-PHX-RTB<br><br>Adversary No. 2:09-ap-1729-RTB<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT FOR ENFORCEMENT OF QUALIFIED WRITTEN REQUEST AND TEMPORARY RESTRAINING ORDER** |

Defendant Wells Fargo Bank, N.A., by and through undersigned counsel, and pursuant to Bankruptcy Rule 7012 and Rule 12(b)(6), Fed.R.Civ.P, renews its request that the Court dismiss the Amended Complaint with prejudice, because the Amended Complaint fails to state any legal claims against it upon which relief can be granted. The Plaintiff's Opposition to the Motion to Dismiss wholly failed to address the legal grounds for the Motion to Dismiss, specifically, that the Amended Complaint failed to state any claims against Defendant, including claims under the Real Estate Settlement Procedures Act or the Fair Debt Collections Practices Act.

Plaintiff erroneously believes that he can maintain an adversary proceeding in this Court by simply filing a complaint with rambling allegations which fail to state a single valid cause of action upon which relief can be granted. Plaintiff is either unaware of the federal pleading requirements for complaints in federal courts, or has chosen to ignore them. Regardless, Plaintiff fails to comprehend that under federal law he first has to state valid claims for relief before being

able to proceed with litigation and discovery. The fact remains that the Amended Complaint fails to state any claims upon which relief can be granted, thereby warranting its dismissal with prejudice. This Reply is supported by the accompanying Memorandum of Facts and Authorities and by all of the pleadings and matters of record on file with the Court, all of which are incorporated herein by this reference.

RESPECTFULLY SUBMITTED this 24th day of February, 2010.

**JABURG & WILK, P.C.**

~~Janessa~~ E. Koenig, Esq.
Attorneys for Wells Fargo Bank, N.A.

## MEMORANDUM OF FACTS AND AUTHORITIES

### I. PLAINTIFF HAS IGNORED THE FACT THAT THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIMS UPON WHICH THIS COURT CAN GRANT RELIEF

As set forth in the Motion to Dismiss, in order to state a claim for relief and defeat a motion to dismiss, a plaintiff must not merely allege conduct that is conceivable, but must instead allege "**enough facts to state a claim to relief that is plausible on its face**." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868, 2009 WL 1361536 at *12 (May 18, 2009) (*citing Twombly*, 550 U.S. at 556). "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (*quoting Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

As illustrated in the Motion to Dismiss, the Plaintiff wholly failed to satisfy his pleading burden with respect to the Amended Complaint. The Amended Complaint failed to allege any specific violation of any statute, and it failed to state any legally cognizable claim for relief. For example, in his Opposition to the Motion to Dismiss ("Opposition"), Plaintiff claims that the

2

statutory predicate for the Complaint is Bankruptcy Rule 7001(2), to determine the validity, priority or extent of a lien or other interest in real property. However, there is no further allegation in the Amended Complaint relating to this issue, including any allegations impacting the validity, priority or extent of Defendant's lien on the subject property. Federal case law is clear that a defendant is not required to "guess" at the relief requested by a complaint. Rather, "where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief." *Iqbal,* 129 S.Ct. at 1950. That Plaintiff is proceeding pro per is no excuse. Federal law is clear that pro se litigants must follow the same rules as attorneys, including pleading requirements. *See e.g. King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1986) ("pro se litigants must follow the same rules of procedure that govern other litigations"); *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys).

### A. The Amended Complaint Was Filed For An Improper Purpose, And It Seeks To Re-litigate Issues Already Before The Court In Stay Lift Proceedings.

Plaintiff's Opposition confirms that the Amended Complaint was filed for an improper purpose: "The Complaint is intended simply as a request to the Court to allow and enforce discovery in the matter at bar" (Opposition at 3); "Identification of his creditor and a full accounting is all Plaintiff is seeking in his Complaint" (Opposition at 5); and "Plaintiff is seeking 1) discovery validating the identify of his creditor(s), 2) an accounting of all payments and debits related to his loan, and 3) an evidentiary hearing if necessary." (Opposition at 6). Plaintiff clearly misunderstands that federal law requires him to first state a valid and viable cause of action, before he can proceed with litigation and request discovery on matters relevant to the valid claims asserted.

Plaintiff also continues to ignore the fact that the information he claims to be seeking through this adversary proceeding has already been provided to the Court in connection with Defendant's pending stay lift motion. Specifically, the pleadings, papers and Declaration Defendant provided to support its pending stay lift motion, (Docket No. 79), identify and confirm

3

13016-90667/JEK/JEK/786063_v1

that (1) Defendant is the current owner and holder of the subject Note and Deed of Trust; (2) that Plaintiff has defaulted in his payment obligations, and the nature of said default; and (3) that there is no equity in the property[1]. This Court has taken the stay lift motion under advisement, and if the Court determines additional discovery and/or further hearings are needed on the issues presented by the stay lift motion, they will be so ordered.

Plaintiff's Opposition confirms that Plaintiff wants to conduct discovery relating to the stay lift motion in a separate adversary proceeding. Not only is this an improper attempt to re-litigate issues currently being litigated before the Court, but it is a waste of time and resources for the parties and the Court. For example, Plaintiff's Opposition challenges the Declaration Defendant submitted pursuant to the Court's order in connection with its stay lift motion. (See Docket No. 131). Plaintiff challenges the Declaration because it was submitted by a custodian of Defendant's business records, instead of by a person with first-hand knowledge of the loan. Not only is testimony from a qualified custodian of records proper in the stay lift proceedings, but it is interesting to note that Plaintiff's "opinion" that Defendant does not own the subject Note is based upon the opinion of some "expert" who also has no personal / first-hand knowledge of the Note:

> Defendant asserts that the Note and Deed were never sold or securitized. Fine. Let them swear to it. Plaintiff is told by experts that over 90% of mortgage loans originated between 2001 and 2009 were securitized, so there is a high statistical probability that this loan was securitized.

Opposition at 4. Plaintiff's "belief" that Defendant does not own the loan is premised upon the opinion of another person that there is a "statistical probability" that the loan was sold or assigned, notwithstanding the testimony of a custodian of Wells Fargo's business records to the contrary, and the lack of any assignment of record. More importantly, it appears Plaintiff wants the Motion to Dismiss to be denied so Defendant can "swear to" the fact that it has not sold or

---

[1] Plaintiff devotes a section of his Opposition to refute Defendant's allegation that he has no equity in the subject property, yet that issue has nothing to do with the Amended Complaint. This is further evidence of the impropriety of the adversary proceeding, and how it is duplicative and an attempt to relitigate issues currently being litigated in the stay lift proceedings.

4

13016-90667/JEK/JEK/786063_v1

assigned the loan. Again, this is hardly the proper purpose of an adversary complaint in this Court, and does not salvage the Amended Complaint for its failure to state a claim for relief.

Plaintiff's Opposition also states that upon Defendant's compliance with discovery this case is over: "Either they are the creditor or they have authority to represent the creditor or they are not the creditor and they do not have the authority to represent the creditor" . . . "Either the accounting will show there is a balance due to the Defendants, or it will show that there is not a balance due to the Defendants." Opposition at 7. Plaintiff continues to ignore that all of this information is already before the Court in the stay lift proceedings. Defendant has already established that it is the current owner and holder of the Note and Deed of Trust, and further, that the Plaintiff is due for post-petition payments from April 20, 2009 forward. Plaintiff claims that he cannot possibly know if this is true without the requested discovery. Why not? The Plaintiff knows whether or not he has made payments on the loan during the past year. If he has proof that he has made the payments which Defendant has alleged he did not make, he should submit proof of those payments in connection with the stay lift proceeding, which obviously has not occurred. The fact remains that these are all issues already before the Court in connection with Defendant's pending stay lift motion, they do not support the basis for a separate adversary proceeding, and they do not state any viable claims for relief.

**B.   Plaintiff's Opposition Does Not Salvage The Amended Complaint's Failure To State Claim Under The Real Estate Settlement Procedures Act, The Fair Debt Collections Practices Act or For Injunctive Relief.**

The Amended Complaint did not state any viable or proper claims under the Real Estate Settlement Procedures Act ("RESPA"). The Amended Complaint was deficient of specific facts to state such a claim, along with any specific statutory provision of RESPA allegedly violated. The "letter" Plaintiff sent to defense counsel, which Plaintiff calls a Qualified Written Request ("QWR"), was not a valid QWR on its face, and as such, no claim for relief can be predicated upon it under RESPA. Plaintiff's letter did not include a statement of the reason(s) he believed his account was in error, or which provided sufficient detail to Defendant regarding a specific servicing issue for which information was sought, as is required by RESPA. *See* 12 U.S.C.

5

§2605(e). Notwithstanding the fact that the letter was not a valid QWR, a response with supporting documents was sent to Plaintiff. That Plaintiff did not like or agree with the response does not mean that Defendant "refused" to respond, or that Defendant is "in default under the statutes," particularly when no statutory claim has been pled.

Plaintiff has chosen to ignore the fatal defects in his letter which (1) prohibited it from constituting a valid QWR under RESPA, and (2) preclude him from asserting any claims under RESPA based upon that letter. Instead, Plaintiff's Opposition focused on the other fatal flaw with Plaintiff's letter, specifically the fact that the letter was not sent to or served upon Wells Fargo. *See Kee v. Fifth Third Bank*, 2009 WL 735048 at *4, 2:06-cv-00602-CW (D. Utah 2009) (RESPA does not impose a duty for a servicer to respond to a QWR when it is served upon the servicer's agent, including its attorney). Plaintiff seems to think defense counsel should have complied with the statutory obligations for him. Not only is there no such requirement upon defense counsel, but if Plaintiff is going to take legal action based upon a party's alleged failure to comply with a statute, he should first make sure that he is in compliance with the statute, which is clearly not the case.

Plaintiff's Opposition likewise fails to address that the Amended Complaint is void of a single factual allegation to state a claim under any specific provision of the Fair Debt Collections Practices Act ("FDCPA"). Instead, Plaintiff takes issues with Defendant's claim that it cannot be held liable for violation of the FDCPA because it does not fall within the FDCPA's definition of a "debt collector." However, in doing so, Plaintiff confuses defense counsel with the Defendant, and references a letter sent to him by defense counsel. The Amended Complaint was filed against Wells Fargo Bank, and that entity is not a debt collector as defined or covered by the FDCPA. As a result, any purported claim against Defendant under the FDCPA fails as a matter of law.

Finally, Plaintiff's Opposition does not bother to address the problems with the Amended Complaint's request for injunctive relief, specifically its complete failure to comply with the requirements of Rule 65, Fed.R.Civ.P., and Rule 7065, Fed.R.Bankr.P. Instead, just like in the Amended Complaint, Plaintiff simply demands a restraining order without pleading or addressing

6

the required grounds therefore. Moreover, Plaintiff's desire to delay foreclosure was accomplished by the automatic stay placed into effect when his bankruptcy case was filed, and whether that stay should remain in place is already being addressed by this Court. There is no need, nor have any proper grounds been pled, for the issuance of a restraining order in this adversary proceeding.

## II. CONCLUSION

Nothing in Plaintiff's Opposition addresses, let alone cures, the pleading defects in the Amended Complaint. The fact remains that the Amended Complaint fails to state a single viable legal claim against Defendant upon which relief can be granted. Plaintiff essentially asks the Court to go easy on him, and he apologizes for procedural errors, because he is acting pro per and without the assistance of counsel. As the Court is well aware, pro per litigants are held to the same standards as attorneys, and filing a groundless lawsuit is a serious matter that cannot be taken lightly. Plaintiff's Opposition confirms that the Amended Complaint was filed for an improper purpose, as it clarifies that all of the matters which Plaintiff wants addressed in this adversary proceeding are already pending before the Court in the stay lift proceedings. There is no need for duplicative proceedings or discovery, yet that is precisely the intent of the Amended Complaint. Therefore, because Plaintiff has failed to state any proper legal claims against Defendant upon which this Court can grant relief, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice as a matter of law.

RESPECTFULLY SUBMITTED this 24th day of February, 2010.

JABURG & WILK, P.C.

Ronald M. Horwitz
Janessa E. Koenig
Attorneys for Defendant

13016-90667/JEK/JEK/786063_v1

| | |
|---|---|
| 1 | **ORIGINAL** of the foregoing filed via<br>ECF this 24th day of February, 2010 |
| 2 | |
| 3 | **COPY** of the foregoing mailed this<br>24th day of February, 2010 to: |
| 4 | Andrew C. Bailey<br>2500 N. Page Springs Rd |
| 5 | Cornville, Arizona 86325 |
| 6 | */s/ Kathryn M. Maseari* |
Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

13016-90667/JEK/JEK/786063_v1